This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ronald J. Brooks, appeals the decision of the Summit County Court of Common Pleas, which sentenced him to a prison term of eight months. This Court affirms.
 I. {¶ 2} On October 10, 2001, appellant was sentenced to a community control sanction after having pled guilty to the offense of nonsupport of dependants in violation of R.C. 2919.21(A).
 {¶ 3} On November 14, 2002, the trial court sentenced appellant to a prison term of eight months for violating the conditions of his community control. Appellant timely appealed the imposition of a prison term, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A PRISON TERM FOR VIOLATING THE CONDITIONS OF HIS COMMUNITY CONTROL SANCTION, BECAUSE SUCH SENTENCE IS CONTRARY TO LAW WITHIN THE MEANING OF OHIO R.C. 2953.08(A)(4)."
 {¶ 4} In his sole assignment of error, appellant argues that the trial court erred in sentencing him to a prison term of eight months for violating the conditions of his community control sanction. Appellant argues that the sentence was contrary to law because, at the time he was sentenced, the court failed to notify him of the specific prison term he would be sentenced to if he violated the conditions of his community control sanction. This Court disagrees.
 {¶ 5} An appellate court may remand a matter on appeal for resentencing if it clearly and convincingly finds that the court's findings are unsupported by the record or that the sentence imposed by the trial court is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is evidence "`which will produce *** a firm belief or conviction as to the allegations sought to be established.'"State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 6} The trial court's journal entry sentencing appellant to community control states:
 "IT IS HEREBY ORDERED that the Defendant be sentenced to 2 years of community control, with the following sanctions being imposed:
"***
 "Violation of this sentence shall lead to more restrictive sanctions for the Defendant, up to and including a prison term of 6 to 12 months, and in addition, post release control of up to 3 years."
 {¶ 7} R.C. 2929.19(B)(5) discusses the notification that must be given when sentencing an offender to a community control sanction and states, in relevant part:
 "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, *** the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14
of the Revised Code."
 {¶ 8} R.C. 2929.15(B) provides, in pertinent part, with respect to sentencing a community control violator:
 "If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction ***, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code."
 {¶ 9} R.C. 2929.15(B) provides that while a community control violator may be sentenced to prison, any prison sentence imposed "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing[.]" In addressing this same issue, the fifth appellate district stated:
 "While R.C. 2929.15(B) clearly prevents a sentencing court from `sentencing a community control violator to a longer prison term than it originally notified the violator of at the time of the violator's sentencing hearing,' there is no similar language preventing the court from sentencing the violator to a lesser prison term than originally notified at the sentencing hearing." State v. Housley, 12th Dist. No. CA2002-07-060, 2003-Ohio-2223, at ¶ 10, quoting State v. Miller
(Dec. 30, 1999), 5th Dist. No. 1999AP020010.
 "The goal of R.C. 2929.19(B)(5) is clearly to put a defendant on notice, at the time of the original sentencing hearing, of a possible prison time which could be imposed should the defendant violate his community control sanction. We believe that a reading of R.C. 2929.15(B) and 2929.19(B)(5) in pari materia supports our analysis. Had the legislature intended to require a sentencing court to notify a defendant of the exact prison term that would be imposed as a sanction for violating a community control sanction, it could have done so by replacing the `shall indicate the specific prison term that may be imposed' language of R.C. 2929.19(B)(5) with `shall indicate the specific prison term that will be imposed.'" (Emphasis added.) Id. at ¶ 11.
 {¶ 10} In addition, this Court notes that the language of R.C.2929.15(B) does not manifest an intent by the legislature to require a sentencing court to notify a defendant of the exact prison term that would be imposed as a sanction for violating a community control sanction. R.C. 2929.15(B) states that the sentencing court "may impose a
prison term on the offender pursuant to section 2929.14 of the Revised Code." (Emphasis added.) Had the legislature intended a sentencing court to notify a defendant of the exact prison term that would be imposed as a sanction for violating a community control sanction, it could have done so by replacing the "a prison term on the offender pursuant to section2929.14 of the Revised Code" language of R.C. 2929.15(B) with "the prison term specified in the notice provided to the offender at the sentencing hearing[.]" Also, R.C. 2929.15(B) states, in pertinent part: "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing[.]" This language manifests the legislature's intent to give the sentencing court the ability to sentence the offender to a prison term up to and including the term specified, rather than require the court to impose a predetermined sentence.
 {¶ 11} In the present case, the trial court's entry clearly put appellant on notice that he could receive prison time of from 6 to 12 months if he violated community control. Consequently, this Court finds that the trial court properly notified appellant, in compliance with R.C. 2929.19(B)(5), that a prison term could be imposed for violating the conditions of his community control sanction. Therefore, appellant's sole assignment of error is overruled.
 III. {¶ 12} The judgment of the Summit County Court of Common Pleas is affirmed.